ETA RAPPAPORT, Plaintiff, v. DAVID RAPPAPORT, Defendant.

Supreme Court, Special Term, New York County, October 1, 1945.

*Stanley J. Mayer* for defendant.

*Emil K. Ellis* and *Judd L. Beckoff* for plaintiff.

PECORA, J. Defendant moves to dismiss the complaint under subdivisions 6 and 7 of rule 107 of the Rules of Civil Practice on the grounds that the Statute of Limitations has run and that the cause of action has been released. The affidavits present an issue of fact as to both of these claims which cannot be

determined on papers. That branch of the motion must be denied without prejudice to pleading such contentions in an answer. Further defendant moves to vacate an order of arrest issued in this action. The action is one for fraud and deceit. While the complaint is narrowly limited to a misrepresentation that defendant. had taken possession of a check in 1939 solely for the purpose of safekeeping when he " had the intention of appropriating the same and forging the name of the plaintiff thereon ", that is the theory upon which plaintiff will have to establish her cause of action. She seeks damages for fraud and deceit, and not to impress a trust upon the proceeds of the check. Plaintiff has at least established the minimum requirements entitling her to an order of arrest under subdivision 5 of section 826 of the Civil Practice Act. The motion to vacate will therefore be denied. However, with respect to that portion of the motion which seeks to reduce the bail, I believe that bail of $5,000 which has been fixed is excessive. No extraneous facts are presented which should require such inordinately high bail in this case. Bail upon an order of arrest is fixed solely for the purpose of assuring the presence of the defendant in the event plaintiff is successful in the action, so that a body execution may successfully issue. It does not create any fund from which the judgment may be satisfied. Weighing all of the factors as presented by the affidavits before me, I believe that bail in the sum of $2,000 would be appropriate here. Therefore, the motion to reduce bail is granted to that extent. Settle order accordingly.